## CIRCUIT COURT OF THE CITY OF RICHMOND

D & J Associates

v.

Pyramid Development, L.L.C.

August 4, 2000

Case No. HN-1135

BY JUDGE T. J. MARKOW

The parties appeared for trial on the Plaintiff D & J Associates' Bill of Complaint seeking injunctive relief from Defendant Pyramid Development, L.L.C.'s preventing plaintiff's access to the back of plaintiff's building known as 1719-1721 Summit Avenue in the City of Richmond by delivery vehicles, and evidence was presented and argument was heard.

A deed dated March 30, 1984, grants plaintiff property mentioned above and "all rights and ways" to spur tracks which existed behind the building. The tracks were taken out of service sometime in the mid-1970s according to the testimony on direct examination of two witnesses, one testifying for plaintiff and the other for defendant. Both parties agree that the deed is valid and was properly recorded with a grant of an easement. Relevant to the easement, the deed also grants:

> the right, privilege, and easement to use in common the said spur tracks and sidings, and so much of the property of David Brothers, Incorporated, in the block bounded by Patton Avenue, the Boulevard, Altamont Avenue, Norfolk Street, and Summit Avenue, and abutting said spur tracks and sidings as may be necessary to afford the property hereby conveyed and the improvements thereon free and convenient access to and use of the said spur tracks and sidings . . . .

The parties agree that the easement as described in the above paragraph was properly conveyed to plaintiff.

Plaintiff subsequently used the way, over which the spur tracks existed, to access the old railroad sidings to load and unload delivery vehicles ranging from vans to 18-wheelers in the course of his business. Plaintiff also used the area for parking the private vehicles of its employees during work hours. Plaintiff never had a problem with the former owners of the way except for one incident where the former owner told plaintiff to remove the private vehicles from the way. Plaintiff refused, claiming the right to park, and nothing further came of it. The former owners, for whatever reason, never complained again, and plaintiff continued its regular use of the way.

Thereafter, defendant bought the property over which the way runs. By letter in 1999, defendant told plaintiff that access to the building would be blocked unless plaintiff helped pay for improvements to the property. Plaintiff refused and commenced this suit. Defendant then erected a fence to prevent access from one direction and placed barriers which made access to plaintiff's loading dock difficult.

The only issue is whether plaintiff can continue his use of the way to access the building in the manner employed throughout its ownership. The court finds that it can.

In *Strickland v. Barnes*, 209 Va. 438 (1968), the issue was whether a deed which granted an easement to access a future railroad siding allowed access by motor vehicle prior to the siding's construction. The language of the deed granted title subject to easements and restrictions shown on a plat. See *Strickland*, 209 Va. 438. The plat showed a 25-foot strip of land where it was written, "Reserved for future R.R. Siding." See 209 Va. at 441. The court stated defendants' version of the issue, "[I]f [defendant] conveyed to [plaintiff] any easement across the 25-foot strip, he conveyed only an easement to use the strip for a railroad siding after a siding had been constructed. This presents the crucial question in this case: What easement or right of way across the 25-foot strip was intended by the words, 'Reserved for future R.R. Siding'?" 209 Va. at 442. Agreeing with the trial court that the language of the conveyance was ambiguous, the court condoned the use of parol evidence and affirmed the finding that the grant encompassed the use of motor vehicles. See 209 Va. 438.

The language in the grant in this case is equally ambiguous, and so the court finds it appropriate to employ parol evidence in determining whether trucks and other vehicles used by plaintiff are within the scope of the conveyance. Here, an easement for the use of tracks was granted and continued for years after the tracks were taken out of service. Plaintiff

regularly used the way for the loading and unloading of trucks, vans, and other vehicles from its building in the course of business.

When parking was questioned by the grantor, plaintiff asserted that the deed granted it the right to use the way in a reasonable manner for the purpose of conducting its business. Plaintiff also asserted that using the way to temporarily park while working was a part of such reasonable use.

Plaintiff brought as witnesses numerous others who used the way in the same manner as plaintiff. They also have been contacted by the new owner, and each was dealing with the situation in different ways.

The court finds that the easement granted to plaintiff by the 1984 deed includes the use of the way to access plaintiff's building in a reasonable manner in the ordinary course of plaintiff's business. This result is also supported under a related theory as described in *Wagoner v. Coal Corp.*, 199 Va. 741 (1958).

In *Wagoner*, the Court held:

[W]here a right of way is granted or reserved, it may be used for any purpose to which the land accommodated thereby may reasonably be devoted unless the grant or reservation specifically limits the use, and the beneficiary of the right is not restricted to the type of vehicles or mode of travel existing at the time the easement was created, but he may use the way for any vehicle which his reasonable needs may require in the development of his estate.

199 Va. at 744. There, defendants changed their coal distribution method from wagons to trucks as technology advanced. See *Wagoner*, 199 Va. 741. The Court explained:

The easement created by the plaintiff's predecessor was a road to be used for hauling. It was described as a wagon haul road, not as a limitation on the method but to emphasize its purpose, the wagon being the most efficient vehicle for hauling known in that community at the time of the grant. Hauling by truck, the modern substitute for the wagon, did not violate the terms of the easement.

199 Va. at 744-45.

Likewise in this case, the more modern use of motor vehicles to access plaintiff's building instead of the spur tracks does not violate the terms of the easement at issue. The easement was granted to allow the plaintiff to load and unload delivery vehicles in the back of the building. Such regular, reasonable,

and open use of the vehicles is encompassed in the language of the easement. Therefore, plaintiff's request for injunctive relief is granted.

It is, therefore, ordered that defendant Pyramid Development, L.L.C., is hereby enjoined from impeding plaintiff D & J Associates, its tenants, tenant's agents, employees, customers, or common carriers doing business with the same access to the back of the property known as 1719-1721 Summit Avenue between Patton Avenue and Norfolk Street through the way described in the 1984 deed from S & W Associates to D & J Associates.